## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MANUEL HERNANDEZ, | |
| MARTHA GONZALES, | : |
| PLAINTIFFS | : |
| | |
| V. | : CIV. ACTION NO. 3:03CV706(CFD) |
| DARREN M. ZAREMBSKI, | : |
| LEASHA HALSTROM, | :          February 7, 2008 |
| DEFENDANTS | : |

### MOTION TO REOPEN

Plaintiffs, Manuel Hernandez and Martha Gonzales, through Counsel hereby request that the dismissal Order entered for lack of due diligence on or about September 23, 2003 be reopened and restored to the regular docket.

By way of background, this action arises from a motor vehicle accident which occurred on December 29, 2000 on the Eastbound side of Route 15 in Trumbull, Connecticut. At said time and place, the Defendant Darren Zarembski caused a serious accident when the vehicle he was driving, which was owned by Defendant Leasha Halstrom, proceeded to collide with TWO (2) other vehicles across TWO (2) separate lanes of traffic. The Plaintiffs occupied one of the vehicles struck by the vehicle driven Defendant Darren Zarembski and owned by Defendant Leasha Halstrom. As a result of this accident, the Plaintiffs were caused to suffer and continue to suffer with grave and serious permanent bodily injuries resulting in permanent physical disabilities and extreme economic loss. The Plaintiffs' daily lives have been forever altered and impaired by this tragic event   The Plaintiffs are residents of the State of New York and the Defendants are residents of the State of

Connecticut. The Plaintiffs filed an action against the named Defendants via Summons and Complaint with Demand for Jury in the Federal District Court for the Southern District of New York.

In support of this motion, it is asserted that the matter initially became dormant when transferred to the Federal District Court of Connecticut from the jurisdiction of the Federal District Court for the Southern District of New York, by Defendants' Motion. Plaintiffs counsel at said time was not a member of the Bar of the Connecticut Federal District Court to where the case had apparently been transferred. Notice of transferred jurisdiction was not provided to and/or never received by Plaintiffs' counsel. Plaintiffs counsel therefore was not provided with adequate notice as to the date and location of appearance.

Thereafter, upon investigation and learning of the transfer of Jurisdiction, Plaintiffs counsel in compliance with Local Rule 83.1 et seq, sought a sponsor attorney and did retain the services of a Connecticut local counsel, namely Attorney Joseph S. Elder (hereinafter "Elder") of 661 Wethersfield Avenue, Hartford, Connecticut to appear on behalf of the Plaintiffs and file a Motion to Reopen the instant matter. ( See attached Exhibit A)

Said Elder provided to Plaintiffs Counsel a copy of a drafted Motion with Certification and Order attached with assurances the same had been filed with the appropriate District Court. (See attached Exhibit B)

Elder accepted payment in the amount of FIVE HUNDRED AND 00/100 ($500.00) DOLLARS for his services and agreed to act as sponsor and forward all

items received at his local office pertaining to the instant matter to Plaintiffs Counsel. Plaintiffs Counsel and the Plaintiffs relied upon the representations and anticipated level of professionalism and degree of expertise, knowledge and experience from Elder to their detriment.   Since that time, Elder has evaded and put off correspondence and communication with Plaintiffs' Counsel.   Furthermore, Elder continued to lead Plaintiffs' Counsel to believe that a motion was before the Court and that we were awaiting a decision.

In a conversation between the undersigned and the Office of the Clerk of the Federal District Court of Connecticut at Hartford, Plaintiffs Counsel has now learned that Elder failed to file either an Appearance or the aforementioned Motion to Reopen.  Furthermore, it was learned that the Defendants did file an Objection to the Plaintiffs Motion to Reopen but did not provide a copy to Plaintiffs' Counsel and said Objection remains undecided.

Based on assumption and belief, it stands to reason that Elder forwarded a copy of his drafted Motion to Reopen to Defendants' Counsel but failed to file the same with the Court.   Elder continues to refuse and/or avoid contact and communication with Plaintiffs Counsel.

It is in the interest of justice that this matter be restored to the docket, forthwith as it was dismissed due to the lack of notice to Plaintiffs' Counsel and resulting inactivity rather than for its strength or merit.  Further delay was caused not by the Plaintiffs' lack of diligence or desire to pursue their claims, but by the

questionable practices and failure of duty and absence of professional care by a

member of the local bar, Elder.

      **WHEREFORE**, In the interest of fairness and justice, the Plaintiffs' respectfully request that the Court reopen this matter and restore it to the regular docket for proper consideration and diligent pursuit.

> The Plaintiffs,
> Manuel Hernandez,
> Martha Gonzales
>
> By: _____
> Linda M. Tirelli, Esq.
> Fed. Bar # CT-16528
> Nader J. Sayegh, P.C.Attorneys At Law
> 10 Palisade Ave Second Floor
> Yonkers, New York 10701
> PH(914)423-0800 / FAX(914)423-7870

## ORDER

The foregoing Motion having been duly heard and considered, it is hereby
ORDERED:

GRANTED / DENIED

> _____
> Hon. Christopher Droney

## CERTIFICATION

This is to certify that on February 7, 2008, a copy of the foregoing was mailed via first class regular and certified U.S. Mail, Postage pre-paid to the following counsel of record:

Suzanne M. Halbardier
Barry, McTiernan & Moore
Two Rectory Street , 14th Floor
New York, New York 10006

> _____
> Linda M. Tirelli, Esq.