UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*   :
MANUEL HERNANDEZ,
MARTHA GONZALES                 :
                                :
    Plaintiffs                  :
                                :   CIVIL ACTION NO.
vs.                             :   3:03 CV706(CFD)
                                :
DARREN M. ZAREMBSKI,
LEASHA HALSTROM                 :
                                :
    Defendants                  :   MARCH 4, 2008
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OBJECTION TO MOTION TO REOPEN

    The defendants, Darren M. Zarembski and Leasha Halstrom, through their undersigned counsel, hereby object to the plaintiffs motion to reopen the Court's judgment of dismissal in this matter for lack of due diligence in that said motion is violative of the Federal Rules of Civil Procedure, the applicable Local Rules of Civil Procedure, the specific direction of the Honorable Judge Droney in the order dismissing this matter, and is otherwise untimely and extremely prejudicial.

    This matter was dismissed by the Court on September 23, 2003 due to the plaintiff's repeated failure to comply with Federal Rules of Civil Procedure 26(f) and Rule 26(e) and numerous court

**ORAL ARGUMENT REQUESTED**

orders relative to the same. The pertinent history leading up to the dismissal is as follows.

On April 29, 2003 the parties were ordered to file a Report of Parties' Planning Conference within thirty days in accordance with Federal Rule of Civil Procedure 26(f) and Rule 26(e) of the Local Rules of Civil Procedure of the District of Connecticut. As of July 9, 2003 the report had not been filed and the Clerk issued notice that the matter was subject to dismissal if compliance was not filed within ten days thereof. Plaintiff ignored the Court's order and failed to file the Planning Conference Report despite the sua sponte extension provided by the Court. On September 2, 2003, the Clerk issued notice that the planning report had not been filed and provided fair warning that the action was subject to dismissal if the Rule 26(f) report was not filed within fifteen days thereof. Plaintiff again ignored the order of the Court and failed to file the Rule 26(f) report as required. On September 23, 2003, after having received no compliance, this action was dismissed <u>without prejudice to the filing of a motion to open within thirty days of the Court's ruling</u>. Plaintiff, for the fourth time, ignored the Court's orders and failed to avail itself

2

of the opportunity to reopen the dismissal as provided in the Court's order.

On December 8, 2006 the defendants, through their undersigned counsel, filed an objection to a motion to reopen the aforementioned dismissal which was purportedly filed on or about November 16, 2006 by the plaintiffs' then attorney, Joseph Elder. When no notice of decision was received regarding the same, the undersigned contacted the Clerk of the Court and learned that said motion to reopen was not filed. Now, more than four years after the order of dismissal, the plaintiffs seek to reopen this long-dormant matter. This is unconscionable in that the plaintiffs were given numerous opportunities to comply with the Rules of Civil Procedure and the Court's orders relating to the same prior to the dismissal.

The present motion, and the motion received by the undersigned in November 2006, does not comply with the court's order which required that any motion to reopen be filed within thirty days of the court's ruling (October 23, 2003). Moreover, the Federal Rule of Civil Procedure, Rule 60(b)(1) specifically provides that any motion for relief from a final judgment

3

allegedly due to mistake, inadvertence, surprise or excusable neglect, "...shall be made within a reasonable time, and ... <u>not more than one year after the judgment</u>... was entered (in the present matter September 23, 2004)." F.R.C.P. 60(b)(1). (Emphasis added). Likewise, Local Rule of Civil Procedure 7(c)(1) instructs that motions for reconsideration of an order must be filed and served within ten days of the Court's entry of judgment (October 3, 2003). In each instance, the plaintiffs consistently ignored and failed to follow the Federal Rules and orders of the Court.

In applying Fed. R. Civ. Pro. 60(b)(1), the courts,

> have consistently declined to relieve a client under subsection (1) of the "burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." <u>United States v. Cirami</u>, 535 F.2d 736, 739 (2d Cir.1976); <u>United States v. Erdoss</u>, 440 F.2d 1221 (2d Cir.), cert. *denied sub nom.* <u>Horvath v. United States</u>, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971); <u>Schwarz v. United States</u>, 384 F.2d 833 (2d Cir.1967). This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions. <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); see <u>Teltronics v. L M Ericsson Telecommunications</u>, 642 F.2d 31, 36 (2d Cir.1981).

<u>Id.</u>, <u>Nemaizer v. Baker</u>, 793 F.2d 58, 62 (2nd Cir. 1986).

The plaintiffs' motion to reopen the Court's dismissal in this matter is highly prejudicial. The Court rightfully dismissed this matter over four years ago due to the plaintiffs' repeated and unexcused lack of compliance with the Court's orders. The delay between the Court's order and the filing of the present motion is inherently unreasonable. The fault for said delay is admittedly with the plaintiffs and their prior counsel for failing to comply with the Court's multiple orders and a consistent failure to comply with Federal and Local Rules of Civil Procedure.

The only proffered reason for the plaintiffs delay in this matter is the conduct of their prior attorney. In examining whether the lack of diligence on the part of a party is "excusable neglect" the United States Court of Appeals, Second Circuit has said,

> ...where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted "excusable neglect." *See* <u>Martella v. Marine Cooks & Stewards Union</u>, 448 F.2d 729, 730 (9th Cir.1971) (per curiam); *see also* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858, at 288-89 (2d ed. 1995) ("Insufficient showings for relief [under Rule 60(b)(1)] ··· include when the party or attorney did not act diligently"); 12 James Wm. Moore *et al.*,

5

> *Moore's Federal Practice* § 60.41[1][c][ii], at 60-90 (3d ed. 1997) ("Courts repeatedly deny relief [pursuant to 60(b)(1)] when they find that the facts and circumstance[s] demonstrate a lack of diligence in pursuing or defending litigation."). *Cf.* <u>Ramseur v. Beyer</u>, 921 F.2d 504, 506 (3d Cir.1990) (recognizing that a court must be satisfied that attorneys acted with substantial diligence before finding "excusable neglect"). Hence, when a party demonstrates a lack of diligence in defending a lawsuit, a court need not set aside a default judgment. *See* <u>Florida Physician's Ins. Co. v. Ehlers</u>, 8 F.3d 780, 784 (11th Cir.1993) (per curiam).

<u>Id.</u>, <u>State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada</u>, 374 F.3d 158, 177 (2nd Cir. 2004).

Finally, the plaintiffs have not acted in good faith in the prosecution of this matter. The dismissal of this matter was based entirely on the plaintiffs' lack of compliance with the aforementioned orders to comply with Rule 26(f) and Local Rule 26(e). "Any prejudice resulting to Plaintiff stems only from his own negligence." <u>Dauber v. Connecticut</u>, 2006 WL 2828426 (D.Conn., 2006).

Here, the plaintiffs have not moved for reconsideration of the dismissal order within any of the timeframes established by rule of court or the order of dismissal which entered due to the repeated lack of compliance with the Court's orders. It is submitted that the filing of the present motion more than three

6

years after the dismissal is unreasonable and highly prejudicial as the memories of the parties and witnesses have faded and the evidence has become stale due to complete inaction on the part of the plaintiffs. It is impractical, unfair, unduly burdensome and prejudicial to require the defendants to litigate this stale claim long after judgment and finality of the issues occurred through the court process.

Wherefore, in the interest of fairness and justice, Defendants respectfully request that the Court deny Plaintiffs' motion to reopen this matter. Fairness and justice require that the defendants be afforded certainty, and finality in the Court's dismissal of this matter.

THE DEFENDANTS

BY:_____
Raymond J. Plouffe, Jr.
Bai, Pollock, Blueweiss
    & Mulcahey, P.C.
1 Corporate Drive
Shelton, Connecticut 06484
Tel: 203-925-8100
rplouffe@baipollock.com
CT 05167

7

## C E R T I F I C A T I O N

This is to certify that a copy of the foregoing has been mailed, postage pre-paid, this 4th day of March, 2008, to:

Suzanne M. Halbardier
Barry McTiernan & Moore
Two Rectory Street, 14th floor
New York, NY  10006

Linda M. Tirelli
C/O Nader J. Sayegh, P.C.
10 Palisade Avenue, Second Floor
Yonkers, NY 10701

                                        THE DEFENDANTS

                                  BY:_____
                                      Raymond J. Plouffe, Jr.
                                      Bai, Pollock, Blueweiss
                                            & Mulcahey, P.C.
                                        1 Corporate Drive
                                        Shelton, Connecticut 06484
                                        Tel:  203-925-8100
                                        CT 05167